IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| BRETHREN MUTUAL INSURANCE COMPANY, | * |
| Plaintiff, | * |
| v. | * CIVIL NO.: WDQ-12-0753 |
| SEARS, ROEBUCK AND COMPANY, | * |
| Defendant. | * |

## MEMORANDUM OPINION

Brethren Mutual Insurance Company ("Brethren Mutual") sued Sears, Roebuck and Company ("Sears") for subrogated property damages to its insured. Sears impled Liberty Transportation, Inc. ("Liberty"). Pending are Liberty's motion to dismiss the third-party complaint and Brethren Mutual's motion to amend the complaint. For the following reasons, Brethren Mutual's motion will be granted, and Liberty's motion will be denied. Sears will be granted leave to file an amended third-party complaint.

I. Background[1]

At all relevant times, Brethren insured the home of Terry and Regina Stancill (the "Stancills"). See ECF No. 25-3 ¶ 6. On May 10, 2009, the Stancills purchased a refrigerator from Sears. Id. ¶ 7.

On May 11, 2009, Liberty delivered and installed the refrigerator "pursuant to a Home Delivery & Shuttle Carrier Agreement with Sears Logistics Services"[2] (the "Agreement").[3] ECF No. 16 ¶ 3. When the refrigerator was installed, a used, structurally compromised plastic water line was used to connect the icemaker.[4] ECF No. 25-3 ¶¶ 15, 20.

---

[1] For the motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. See Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011). A motion to amend pleadings that may be futile is treated as if the opposing party has moved to dismiss. See United States ex. rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). A court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" in deciding a motion to dismiss or the futility of a motion to amend. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

[2] The relationship between Sears and Sears Logistics Services is not apparent from the record.

[3] Brethren Mutual alleges that "Sears and/or Liberty, pursuant to its Home Delivery & Shuttle Carrier Agreement with Sears Logistics Services, delivered and installed the new refrigerator." ECF No. 25-3 ¶ 7.

[4] Brethren Mutual alternatively alleges that Sears and Liberty failed to replace the existing, structurally compromised, line. ECF No. 25-4 ¶¶ 15, 20.

Under the Agreement, dated December 7, 2008, Liberty agreed to "perform its services in a workmanlike manner, with due care, and will hook up all appliances according to manufacturer's instructions."[5] ECF No. 16 ¶ 4. Liberty also agreed to indemnify Sears for any property claims due to Liberty's acts or omissions. Id. ¶ 4.

In August 2009, the Stancills requested that Sears Home Services fix the icemaker which had begun to have problems. ECF No. 25-3 ¶ 8. On August 14, 2009 and August 18, 2009, technicians "performed repair work relative to the icemaker in the Stancill[s'] refrigerator."[6] Id. ¶ 9.

Between September 23, 2010, and October 3, 2010, while the Stancills were away on vacation, the water line failed and caused significant damage to their home. ECF No. 25-3 ¶ 10. Brethren Mutual paid the Stancills' $84,654.42 claim. Id. ¶ 11.

On February 22, 2012, Brethren Mutual filed suit for the Stancills' damages in the Circuit Court for Harford County, Maryland. ECF No. 2. On March 27, 2012, Sears removed to this Court. ECF No. 1. On March 29, 2012, Sears answered. ECF No. 8.

---

[5] The Agreement is not attached to the third-party complaint.

[6] The original complaint alleged that the "Sears repairman replaced the existing water line connecting the refrigerator to the home's water supply with a used, structurally compromised supply line." ECF No. 2 ¶ 10.

3

On July 30, 2012, Dominic Catanzaro, PE, issued a report about the damage to the Stancill residence. ECF No. 25-2. He stated that the Sears repair work was not related to the water line. *Id.* at 1. The Stancills' previous refrigerator had been connected with a copper line, but a plastic line was installed with the new refrigerator. *Id.*

On September 25, 2012, Sears filed a consent motion for leave to file a third-party complaint against Liberty, based on Catanzaro's findings, seeking contractual indemnification and common law indemnification and contribution. ECF No. 14. That day, the Court granted the motion. ECF No. 15. The next day, the Court stayed the scheduling order pending the entry of Liberty into this case. ECF No. 20.

On October 19, 2012, Liberty moved to dismiss for failure to state a claim. ECF No. 24. On October 22, 2012, Brethren Mutual moved to amend the complaint to assert a negligence claim against Liberty, based on Catanzaro's report. ECF No. 25.

On November 2, 2012, Sears opposed the motion to dismiss. ECF No. 26. On November 5, 2012, Liberty opposed the motion to amend and replied to the motion to dismiss. ECF Nos. 27, 28. On November 8, 2012, Brethren Mutual replied to the motion to amend. ECF No. 29.

4

II. Analysis

   A. Legal Standards

   1. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

5

(2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted). An affirmative defense, such as the statute of limitations, may be raised in a motion to dismiss if clear from the face of the complaint. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996).

2. Motion to Amend the Complaint

Because more than 21 days have passed since Sears filed its answer, Brethren Mutual may amend its complaint only if the opposing party consents or with the Court's permission. Fed. R. Civ. P. 15(a)(2); *Rice v. PNC Bank, N.A.*, No. PJM-10-0007, 2010 WL 1711496, at *2 (D. Md. Apr. 26, 2010). Fed. R. Civ. P. 15(a)(2) instructs that leave should be freely given when justice requires. Leave should be denied only when amendment would prejudice the opposing party, amount to futility, or reward the movant's bad faith. *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

B.  Brethren Mutual's Motion to Amend

Brethren Mutual seeks to amend the complaint, in accordance with Catanzaro's report, to assert that Liberty's improper installation of the refrigerator caused the water damage. ECF No. 25. Liberty asserts that (1) the motion to amend was unduly delayed, (2) it will be prejudiced, and (3) the claim is barred by the statute of limitations. ECF No. 27.

Relying on *Deasy v. Hill*, 833 F.2d 38 (4th Cir. 1987), Liberty asserts that the three month delay between Catanzaro's report and Brethren Mutual's motion to amend the complaint was undue and prejudicial. ECF No. 27 at 5. *Deasy* is readily distinguishable. In that case, the motion was filed "just before trial"[7] and after discovery had closed. *Deasy*, 833 F.3d at 41. Here, discovery has been stayed, and no trial date has been set. *See* ECF No. 20. Further, Brethren Mutual asserts that no depositions have taken place. ECF No. 29 at 1. Although Brethren Mutual's motion to amend was not filed immediately after the report became available, the delay was not undue.

Further, even if there was undue delay, "delay alone . . . is an insufficient reason to deny the plaintiff's motion to amend." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006).

---

[7] The opinion does not state the amount of time.

Liberty asserts that it "will be prejudiced in its investigation and ability to locate witnesses and documents" without explanation. It is unclear why the three month period after Catanzaro's report created this difficulty. Unlike *Deasy*, discovery here has not been completed, and Liberty will be able to fully participate in that process.[8] *Cf. Deasy*, 833 F.2d at 41. Liberty has not shown prejudice.

Next, Liberty asserts that the statute of limitations bars the claim because the refrigerator was installed on May 11, 2009, more than three years before the suit was instituted. ECF No. 27 at 8. Brethren Mutual contends that the action accrued on October 3, 2010. ECF No. 29 at 2.

Federal courts sitting in diversity apply the statute of limitations of the forum state. *See Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 111-12 (1945); *Brown v. Am. Broad. Co.*, 704 F.2d 1296, 1299 (4th Cir. 1983). Under Maryland law, the limitations period for a negligence claim is three years and accrues "when the claimant knows or should know of the wrong."[9]

---

[8] Additionally, the *Deasy* court noted that the original complaint "raised a purely factual question" while the proposed additional claim "sought to raise an issue of medical competence and to alter substantially the nature of the lawsuit." *Deasy*, 833 F.2d at 41-42. Although Catanzaro's report changed the alleged locus of the negligence, the nature of the claim remains the same.

[9] *Lumsden v. Design Tech Builders, Inc.*, 749 A.2d 796, 801 (Md. 2000); *see* Md. Code Ann., Cts. & Jud. Proc. § 5-101.

According to the proposed amended complaint, the Stancills learned of the water damage--and, thus, the negligence--on October 3, 2010. ECF No. 25-3 ¶ 10. There is no indication on the face of the complaint that they should have known of the negligence earlier.[10] See Brooks, 85 F.3d at 181; cf. ECF No. 27 at 8. Accordingly, the amendment is not futile. Brethren Mutual's motion will be granted.[11]

C. Liberty's Motion to Dismiss

Liberty asserts that Sears's third-party complaint should be dismissed because it does not arise out of the factual allegations of the original complaint.[12] ECF No. 24. A

---

[10] To the extent that Liberty asserts that the Stancills should have known earlier, that dispute does not make the amended complaint futile as it could not be resolved on a motion to dismiss. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000); Brooks, 85 F.3d at 181. Accordingly, the Court need not address Liberty's arguments about the relation back of the proposed amendment. See ECF No. 27 at 9-11.

[11] The Court notes that there does not appear to be a jurisdictional issue with Brethren Mutual's claim against Liberty. Although Fed. R. Civ. P. 14(a)(3) permits plaintiffs to assert claims against a third-party defendant, 28 U.S.C. § 1367(b) does not permit the Court to exercise supplemental jurisdiction over such claims when original jurisdiction is based on diversity. However, the complaint alleges diversity between Brethren Mutual, a Maryland corporation with its principal place of business in Maryland, and Liberty, a Pennsylvania corporation with its principal place of business in Pennsylvania. ECF No. 25-3 ¶¶ 1, 4. Accordingly the Court has diversity jurisdiction over these claims. See 28 U.S.C. § 1332(a)(1).

[12] Liberty also raised a statute of limitations defense, predicated on Brethren Mutual's original complaint that did not

9

defendant may assert a third-party complaint against a nonparty "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).

Liberty's argument that Sears's third-party complaint is not connected to the complaint derives from Brethren Mutual's initial allegation that the faulty line was installed during Sears's repair of the icemaker. ECF No. 24 at 4; *see* ECF No. 2 ¶ 10. Liberty contends that there is no way it could be liable to Sears because it was not involved in Sears's repair. *See* ECF No. 24 at 5.

On the face of the complaint, Liberty's position has some support, but Sears's third-party complaint specifically relies on Catanzaro's report that Liberty may be liable. *See* No. 16 ¶ 2. Further, Brethren Mutual's amended complaint is based on the same theory as the third-party complaint that Liberty replaced the water line. *See* ECF No. 25-3 ¶¶ 15, 20.

Accordingly, the third-party complaint meets the Rule 14(a) standard--at least in relation to the amended complaint--and Liberty's motion will be denied. Nevertheless, Sears indicates that it will move to amend the third-party complaint "to refer directly to the allegations in the amended complaint." ECF No.

---

allege Liberty's involvement with the water line. *See* ECF No. 24 at 8. It concedes that the statute of limitations for Sears's contribution and indemnification claim does not accrue until Sears pays. ECF No. 28 at 3.

26 at 2 n.1. Although mentioning this possibility, Liberty has not indicated any opposition to Sears's amendment. *Cf.* ECF No. 28 at 2. Because the proposed amendment will not significantly alter the factual allegations, Sears will be granted leave to amend its third-party complaint to conform to the amended complaint.[13]

III. Conclusion

For the reasons stated above, Brethren Mutual's motion to amend the complaint will be granted. Liberty's motion to dismiss the third-party complaint will be denied. Sears will be granted leave to amend the third-party complaint to conform to the amended complaint.

4/30/17
Date

William D. Quarles, Jr.
United States District Judge

---

[13] Should Sears wish to amend the third-party complaint to allege any new facts or assert new causes of actions, it will need to move for leave to amend.